**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4281**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVON RAMBERT-HAIRSTON, a/k/a Devon Marshalle Rambert,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:19-cr-00107-RJC-DCK-1)

Submitted: September 29, 2020                    Decided: October 6, 2020

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Robert L. Sirianni, Jr., BROWNSTONE, P.A., Winter Park, Florida, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Rambert-Hairston appeals her conviction and sentence following her guilty plea to conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1957. On appeal, Rambert-Hairston claims both that her plea was involuntary and that the district court erred in its application of the Sentencing Guidelines. The Government now moves to dismiss the appeal as barred by the appeal waiver contained in Rambert-Hairston's written plea agreement. For the reasons that follow, we affirm Rambert-Hairston's conviction and dismiss the remainder of the appeal.

As an initial matter, Rambert-Hairston's appeal waiver does not preclude her from raising a colorable challenge to the validity of her guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994); *see also United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that defendant's valid appeal waiver did not preclude claim that plea lacked sufficient factual basis). Thus, we consider this claim on the merits.

Before accepting a guilty plea, the trial court must ensure that the defendant's "plea is voluntary, *i.e.*, is not the result of force, threats, or promises made by the government that are not part of the plea agreement." *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991); *see* Fed. R. Crim. P. 11(b)(2). The decision to plead guilty "must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted). We review the validity of a defendant's guilty plea by looking at the totality of the circumstances. *Id.* Critically, a defendant seeking to retract statements made during a Fed. R. Crim. P. 11 colloquy "bears a heavy burden," *United States v.*

2

*Bowman*, 348 F.3d 408, 417 (4th Cir. 2003), because, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established," *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Rambert-Hairston professed her innocence at sentencing, explaining that she had pleaded guilty only because her counsel had informed her that she would go to prison if she rejected the plea agreement. Thus, according to Rambert-Hairston, her guilty plea was coerced and, therefore, involuntary. However, at the Rule 11 hearing, Rambert-Hairston confirmed, without qualification, that her guilty plea did not result from force, threats, intimidation, or promises other than those contained in the plea agreement. And far from voicing any concerns about her counsel, Rambert-Hairston lauded the quality of her attorney's services. These assurances, which "carry a strong presumption of verity," *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted), belie Rambert-Hairston's subsequent, uncorroborated claim that counsel overrode her agency and left her no choice but to plead guilty. For this reason, we discern no error in the determination that Rambert-Hairston's plea was voluntary, and we therefore affirm her conviction.[*]

Turning to Rambert-Hairston's sentencing claim, we review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

---

[*] In a related claim, Rambert-Hairston contends that plea counsel rendered ineffective assistance during the plea proceedings. However, it is well established that, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the record reveals no such evidence, we conclude that any claim of ineffective assistance of counsel "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

3

An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives her appeal rights if she agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

In disputing the validity of her appeal waiver, Rambert-Hairston simply reiterates the meritless claims raised in connection with her guilty plea challenge. Thus, we readily reject her argument that the appeal waiver is unenforceable. And, in any event, our review of the record confirms that Rambert-Hairston knowingly and intelligently executed a broad appellate waiver that precludes her from contesting the sentence she received. We therefore grant the Government's motion as to this part of the appeal.

Accordingly, we grant in part and deny in part the Government's motion to dismiss, we affirm Rambert-Hairston's conviction, and we dismiss the part of the appeal pertaining to Rambert-Hairston's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*